## J. B. COLT CO. v. WASSON ET AL.

*Contracts—False and fraudulent representations—Charge to jury—Duty to explain material false representations, etc.— Materiality of representations question for jury.*

1. In an action upon a written contract for the sale of goods, where the defense is that plaintiff induced defendant to enter into the contract by false and fraudulent representations, it is prejudicial error for the court to charge the jury that their verdict should be for the defendant if they find that any one of the material representations was false, known by plaintiff to be false and relied upon by defendant, without explaining to the jury the characteristics of a material false representation, that the representation must relate to present or previously existing facts and cannot consist of the mere expression of opinion, commendation or prediction, unless a confidential relation exists between the parties.

2. In such case it is error for the court in its charge to the jury to assume that any and all of the alleged statements, if made and untrue, would constitute material false representations.

(Decided January 14, 1922.)

ERROR: Court of Appeals for Wayne county.

*Messrs. Funk & Funk,* for plaintiff in error.
*Messrs. Weygandt & Ross,* for defendant in error.

WASHBURN, P. J.   This is an error proceeding in which the parties appear as in the court of common pleas.

Plaintiff and defendants entered into a written contract by which plaintiff sold to defendants an acetylene lighting plant to be installed by the defendants in a house they were then building, the contract being, as has been said, in writing, and signed by the parties.

The plaintiff shipped the goods described in the contract, and in all respects complied with the contract, and was entitled to recover the contract price unless the defendants were justified in not accepting the goods on the sole ground that plaintiff's agent who negotiated the contract made certain false and fraudulent representations upon which defendants relied and were thereby induced to enter into the contract.

The contract which was signed by defendants, husband and wife, was read by one of them, and the other had ample opportunity to read it, and they do not claim that there were any false representations as to the character of the instrument they signed, but they do claim that the agent falsely represented that the architect and contractor of defend-

ants "pronounced said plant a good thing;" that the cost of operating the plant would not exceed .02 cents per day; that it was very easy to care for and the refuse therefrom could be run off through the house sewer; that an explosion was impossible; that the insurance company permitted the plants in buildings and recommended them, and that the price agreed upon included the cost of installation.

Under the charge of the court the jury found that some one or more of these representations were made; that they were false; and that the defendants relied upon them and were justified in doing so and would not have agreed to the purchase of the plant but for such false representations. Consequently the verdict and judgment were for the defendants.

Two errors are relied upon, one, that some of these claimed representations were mere puffing or dealer's talk, too vague and indefinite and partaking too much of the character of predictions or opinions to constitute material false representations, and that therefore evidence in reference thereto, and as to their falsity, should not have been admitted; and, two, that the court erred in the charge in reference thereto, such error being an act of commission and not mere omission. These two claimed errors will be considered together.

Fraud at law is a right of action in a court of common law jurisdiction, sounding in damages, and is usually termed an action of deceit.

Fraud in equity is a right of action of which a court of equity will take cognizance, but the fraud is the same in either case, the distinction being in the nature of the relief rather than in the character of the fraud.

In either case the misstatement must be of a past or existing transaction, the deception must relate to

facts then existing, or which had previously existed and which were material to the dealings between the parties in which the deception is employed.

Vague and indefinite statements or representations do not constitute a defense to an action for specific performance of a contract; to be fraudulent the representations must be definite, and not mere general statements, uncertain in their character, not simply puffing, or dealer's talk, mere commendation; a simple statement of opinion is not regarded as a misrepresentation where no confidential relation exists between the parties, and representations as to what will be performed, or will take place in the future, are regarded as predictions and not fraudulent whether the matter is before the court as an action for damages for deceit or defensively as a ground of avoidance of a written contract. *Wilder* v. *DeCou,* 18 Minn., 470, and *King* v. *Eagle Mills,* 10 Allen (92 Mass.), 548.

While the mere expression of an opinion, which opinion does not involve the assertion of a fact, although the opinion be incorrect, will not make the person expressing the opinion liable in an action for false and fraudulent representations, still in making statements language may be used and circumstances may be such that it is difficult to determine whether the party intended to merely express an opinion or whether the representation was intended as the statement of a fact, and it is for the jury to determine whether the representation was made as a mere expression of opinion or was a statement of a fact that was calculated and intended to deceive and mislead.

Doubtless there are some statements which as a matter of law the court can determine to be mere

488    OHIO APPELLATE REPORTS.

J. B. Colt. Co. *v.* Wasson.    [15 Ohio

opinion or commendation or prediction as to the future, and therefore not actionable, and such the jury may properly be instructed to disregard, but when there is a doubt as to the meaning or construction of the language used, or the intention of the parties, a question is presented which is for the jury to determine under proper instructions.

In the case at bar the contract was in writing and contained a clause that the written contract "covers all the agreements between" the parties and "that no agent or representative * * * has made any statements or agreements, verbal or written, modifying or adding to the terms and conditions herein set forth," and if the evidence which it is claimed was improperly admitted merely tended to prove a warranty, and thus add a term to the written contract, it was not competent; but if the evidence tended to prove a charge of a material false representation, it was competent. Except as to the second defense, which clearly attempted to add a term to the contract, and which was finally ruled out by the court, the matters testified to were charged as material false representations, and for the most part they were such as presented a jury question as to whether or not they were such.

The claimed false representations were all made at one conversation; a witness was asked to relate that conversation and an objection was made; the question was proper, a part of the answer was clearly competent and there was no motion to strike out any part of the answer, and therefore the record does not present the question of whether or not evidence as to any particular claimed false representation was incompetent. But some of the matters testified to in this case partook so largely of the expres-

sion of mere opinion rather than a statement of fact calculated and intended to deceive and mislead as to require the court to charge fully and correctly on the subject as to what should be considered false representation. The court charged as follows:

"Now gentlemen of the jury, the defendants claim in substance that the plaintiff by its agent, Butler, represented or said to the defendants that the cost of operating this plant would not exceed two cents per day; that it was easily taken care of; that the refuse therefrom could be run off through the house sewer; that there was no danger in charging said plant as an explosion was impossible; that you could not explode it with a fire; that defendants' fire insurance agent, Yoder, had recommended it; that defendants' contractor, Maurer, said it was a good thing. * * *

"Now gentlemen, how is this matter? Was there fraud practiced by the plaintiff's agent which induced the defendants to sign this contract, or was there not? That is the question for you to decide.

"In order that a contract may be avoided on the ground of fraud it must be shown:

"1. That material false representations were made.

"2. That the person making them knew they were false.

"3. That the party to whom they were made relied upon them; and

"4. That the contract would not have been signed had the false representations not been made. * * *

"It is not necessary, in order to find for the defendants, that you find that all of the representations claimed to have been made, were made; but if you find that *any one* of such material representa-

tions were made, which was false, known by Butler to be false, relied upon by defendants, and the contract signed by them because such representation was made, then you will have found the existence of all of the necessary elements to constitute fraud, and your verdict would be for the defendants.''

No place in the charge did the court explain to the jury the characteristics of a material false representation as applicable to a case of this kind, nor that to justify one's relying upon representations they must relate to facts then existing or which had previously existed, and that they cannot consist, where no confidential relation exists, of the expression of a mere opinion or commendation or prediction as to what will take place in the future. The court did not permit the jury to consider such matters and determine what representations should be considered as material; on the contrary the court assumed that any and all of the claimed statements, if they were made and were untrue, would constitute material false representations.

Under the pleadings and evidence in this case we find that the court's assuming to determine that any and all of said claimed representations were material was an error of commission which prejudicially affected the rights of the plaintiff, and for error in the charge of the court the judgment is reversed and the case is remanded for a new trial.

*Judgment reversed, and cause remanded.*

Treash and Pardee, JJ., concur in judgment.