# CURRENT OHIO COURT of APPEALS CASES

## Weekly Advance Abstract Opinions

No. 670

WESSEL, Adm., v. GOLDFLIES

Ohio Appeals, First District, Hamilton County
No. 2142. Decided May 14, 1923

This opinion has not been published except in Abstract.

**47. AUTOMOBILES.**

Charge to Jury. (82)—For reversal, charge to jury as a whole, must be misleading. Not sufficient if certain extracts, standing alone, are misleading.

Cushing, Buchwalter and Hamilton, JJ.

PER CURIAM.

### Epitomized Opinion

Wessel's intestate, a boy 6 years old, was struck by a moving van belonging to Goldflies, and killed. The jury returned a verdict for Gldflies. Wessel called a witness who testified that she could not judge how fast the truck was going because she did not see it coming. She was then asked: "Well, from how it was going afterwards, did you have an opportunity to judge?" The court sustained the objection to this question. This was assigned as error. Wessel also pointed out that certain extracts in the charge to the jury were misleading. In affirming the judgment the Court of Appeals held:

1. The witness was not qualified to testify as to the speed of the automobile and the answer to the question was porperly excluded.

2. The complaint as to the general charge is against certain extracts, which, if standing alone, might be misleading, but taken in connection with the charge as a whole, the objections are not well taken.

Attorneys—Littlefoord & Ballard, for Wessel; R. R. Nevin and Clark & McCauley, for Goldflies.

No. 671

YOUNGSTOWN RY. CO. v. MISKELL

Ohio Appeals, Seventh District, Mahoning County
Decided March 16, 1923

This opinion has not been published except in Abstract

**47. AUTOMOBILES.**

Verdict—Higher court will not disturb verdict (373) unless decidedly against weight of evidence, or unless damages assessed are clearly excessive.

ROBERTS, J.

### Epitomized Opinion

Miskell was a passenger in the back seat of a Ford jitney bus in which three other passengers and the driver were riding. The bus was being driven along a street in Youngstown about 10:30 on a co'd, rainy night in January, 1920. The pavement was wet and slippery. Automobiles were parked at the curb on one side of the street and there was scarcely room for the Ford to pass between the street car track and the parked cars. The evidence disclosed that a street car was approaching from the opposite direction and that the motorman saw this Ford when it was several hundred feet away. To avoid danger of colliding with the parked automobiles, the driver turned his car onto the nearest street car rail. The Ford collided with the street car and Miskell was injured. The jury returned a verdict of $7,000 for Miskell. In affirming the judgment 'he Court of Appeals held:

1. The evidence is conflicting, but the verdict is not so decided'y against the weight of the evidence as to justify a reversal. The testimony of the expert witnesses as to Miskell's injuries is conflicting, but the verdict is not clearly excessive.

Attorneys—Kennedy, Manchester, Conroy & Ford, for Youngstown Municipal Railway Co.; J. Ruffalo, for Miskell.

No. 672

ZIMMERMAN v. MURPHY

Ohio Appeals, 9th District, Summit County
No. 685. Decided June 29, 1923

This opinion has not been published except in Abstract

**47. AUTOMOBILES.**

Rescission of statements amou..ting to false representation—Erroneous charge to jury in not submitting question as to representations complained

FUNK, J.

### Epitomized Opinion

Murphy purchased of Zimmerman an All-American one-ton truck for $2,695, but Murphy traded in his Elcar touring car at $900 and gave his cognovit note for $1,795, payable in monthly installments beginning March 10, 1921. The evidence disclosed that Murhpy examined the truck and considered the deal for several days before consummating it. He operated the truck about one month, during which time he had it at Zimmerman's garage for minor repairs about four times. About one month after the purchase, in an attempt to rescind the contract Murphy returned the truck to Zimmerman, claiming it not to be as represented and that Zimmerman induced him to purchase the car by false and fraudulent representations and demanded the return of his Elcar, which Zimmerman refused to do. Zimmerman had judgment entered on the cognovit note. Murphy had this judgment vacated and filed an answer and cross-petition setting up the allegations of false and fraudulent representations. The court in his charge to the jury assumed that the statements testified to by Murphy were such as would constitute false representations warranting the rescission the contract. The court charged the jury that if they found for Murphy, his damages would be the value of the car at the time he made the demand for its return, less the repairs put on by Zimmerman. In reversing the judgment for Murphy the Court of Appeals held:

1. The court erred in not instructing the jury as to what are material false representations and in not submitting to the jury the question of whether or not the representations comp'ained of were material and intended or calculated to deceive and defraud. 77 OS 468; 32 O. C. A. 369.

2. As to the measure of damages the true rule is that Murphy would be entitled to the value of the car at the time of the conversion as near as such value could be estimated from the condition the car was in at the time it was received by Zimmerman without any enhancement in value by reason of repairs put upon it by the latter.

3. The court failed to charge that he who would rescind the contract must offer to do so promptly on discovering the facts that will justify a rescission and while he is able to place the opposite party in statu quo. This was error.

Attorneys—J. Taylor, for Zimmerman; May & May, for Murphy.